COURT OF APPEALS
DECISION
DATED AND FILED

June 24, 2020

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2008-CR**

Cir. Ct. No. **2018CT1371**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

RODOLFO SANCHEZ MORA,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Racine County: ROBERT S. REPISCHAK, Judge. *Reversed.*

¶1 DAVIS, J.[1] What appears at first blush as a simple conviction for operating a commercial motor vehicle[2] (CMV) without the required state-issued

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

license in fact involves a more complicated (and as far as we can determine, unaddressed) question lying at the intersection of state and federal licensing requirements. Wisconsin law requires that Wisconsin residents wishing to drive a CMV in Wisconsin have a valid Wisconsin commercial driver's license[3] (CDL). WIS. STAT. § 343.05(2)(a)1. "Resident" under the Wisconsin statute is a defined term: "an adult whose one home and customary and principal residence, to which the person has the intention of returning whenever he or she is absent, is in this state." WIS. STAT. § 343.01(2)(g).

¶2    Our legislature has also declared, however, that Wisconsin "assents to" federal law governing the licensure of commercial drivers under "the federal commercial motor vehicle safety act, 49 U.S.C. [§] 31301 to 31317 and the regulations adopted under that act." WIS. STAT. § 343.02(1), (2). The Commercial Motor Vehicle Safety Act (CMVSA) conditions federal highway funding to states, like Wisconsin, that assent to be so bound. The CMVSA provides that only those persons who are citizens or permanent residents of the United States can obtain a state-issued CDL. This means that those who are here from Mexico on an employment authorization card (temporary work permit) can, and indeed must, rely exclusively on their Mexican CDL. This demarcation stems from a perceived need to streamline licensing, with the goal being that no one

---

[2] A "commercial motor vehicle" is a transport vehicle that is above a certain weight, is designed to transport sixteen or more passengers, and/or transports hazardous materials. WIS. STAT. § 340.01(8); *see also* 49 C.F.R. § 383.5 (2019) (the analogous definition under controlling federal regulations).

[3] A "commercial driver license" is "a license issued to a person by [the state of Wisconsin] or another jurisdiction that is in accordance with the requirements of [the Commercial Motor Vehicle Safety Act], or by Canada or Mexico, and that authorizes the licensee to operate certain commercial motor vehicles." WIS. STAT. § 340.01(7m); *see also* 49 C.F.R. § 383.5.

should have more than one license meeting the federal requirements. Nonetheless, when a truck driver (or other CMV operator) here on a temporary work permit also meets the definition of a resident under state law, the state and federal schemes potentially come into conflict.

¶3 Rodolfo Sanchez Mora became entangled in this potential conflict when he was cited for driving without a Wisconsin CDL. He is a commercial truck driver who has lived in Wisconsin on a full-time basis for a number of years under a temporary work permit that he has continuously renewed. Mora holds a Mexican CDL; at one point, he also held a Wisconsin CDL, but the Wisconsin Department of Motor Vehicles (DMV) required that he surrender it in keeping with Wisconsin's efforts to remain compliant with the CMVSA and its "single license" policy. This frames the issue before us. The Wisconsin statute on its face could be read as requiring Mora to have a Wisconsin CDL, because he appears to qualify as a Wisconsin resident under the statute. But the express terms of the CMVSA, which Wisconsin has "assented to" in order to maintain eligibility for federal highway funds, requires that he have a *Mexican* CDL—and *only* a Mexican CDL.

¶4 The trial court concluded that Mora is a state resident and must therefore have a Wisconsin CDL to operate a commercial motor vehicle. That conclusion would likely hold if the only relevant authority were the definition in the state statute, but it is not. We find that Federal Motor Carrier Safety Administration (FMCSA)[4] regulations and guidance preclude Mexican citizens

---

[4] The FMCSA is the agency within the United States Department of Transportation responsible for CDL regulations.

holding a temporary work permit from being considered Wisconsin residents for CDL purposes. Instead, those Mexican citizens must use their Mexican CDL when operating a CMV. The result is that Mora's failure to have a Wisconsin CDL was not a violation of the Wisconsin statute. As Mora was operating a CMV with a valid Mexican CDL at the time of his citation,[5] he was compliant with Wisconsin law. Consequently, we reverse.

## BACKGROUND

¶5 Mora received a citation for operating a CMV without a license—Wisconsin resident, pursuant to WIS. STAT. § 343.05(2)(a)1. Under that statute, a Wisconsin resident must obtain a Wisconsin CDL to operate a CMV. Mora moved to dismiss the charge on the grounds that he is not a resident; therefore, he need only have a Mexican CDL. *See* § 343.05(2)(a)2. (requiring a nonresident operating a CMV in Wisconsin to possess a valid CDL from another jurisdiction or Mexico).

¶6 The trial court held a hearing on the motion, denied it, and heard Mora's motion for reconsideration, which it also denied. Over the course of the hearings, the parties established the following undisputed facts. Mora is not a permanent United States resident or United States citizen. Instead, Mora has been legally present in this country since at least 2015 under a temporary work permit. Mora's permit is valid for two years but is renewable; at the first motion hearing, Mora stated that he planned to renew it. Mora has a regular (i.e., non-CDL) Wisconsin driver's license listing an address in Milwaukee, Wisconsin. It is

---

[5] The parties do not dispute that Mora possessed a valid Mexican CDL.

4

unclear how long Mora has lived at that address or in Wisconsin, but as of the first motion hearing, the license itself was over a year old.

¶7    At one point, Mora had a Wisconsin CDL, but in 2017 the Wisconsin DMV required Mora to surrender it.  A DMV letter to Mora states, "This was done in accordance with Federal Guidelines that prohibit the State from licensing customers who hold licenses from Canada or Mexico and temporary work visas."  According to the DMV (referencing guidance on the FMCSA website), drivers from Canada and Mexico holding temporary work permits are ineligible for both a "nonresident CDL" (available to certain non-Wisconsin residents) and a "resident CDL" (required for Wisconsin residents).[6]  Instead, those drivers must use their Canadian or Mexican CDL.

¶8    Despite the DMV letter, the trial court held that Mora is a Wisconsin resident and was not legally permitted to drive a CMV without a Wisconsin CDL. The court considered the relevant definition of "resident" under WIS. STAT. § 343.01(2)(g) and reasoned that it applied to Mora, given that Mora had been living in Wisconsin for over a year and planned to remain in the state if his work permit

---

[6] The letter from the DMV (quoting the FMCSA website) uses the phrase "nonresident CDL," whereas the relevant regulations and recent FMCSA regulatory guidance use the term "non-domiciled CDL."  *See* 49 C.F.R. § 383.5; Commercial Driver's License Standards, Requirements, and Penalties; Regulatory Guidance, 84 Fed. Reg. 8464, 8470-71 (Mar. 8, 2019) (to be codified at 49 C.F.R. pts. 383 and 384).  We have not determined when this change of phrase occurred, but this is immaterial to our decision, as the two phrases are functionally equivalent. *See Amendment to the Memorandum of Understanding Between the Government of the United States of America and the Government of the United Mexican States Relating to the Recognition and Validity of Commercial Driver's Licenses and Licensias Federales de Conductor* 1 (2017), *available at* https://www.fmcsa.dot.gov/sites/fmcsa.dot.gov/files/docs/intern ational-programs/79541/2017cdlmousignedenglish_0.pdf (last visited June 16, 2020) (the amendment to the executive agreement granting licensure reciprocity with Mexico, replacing the phrase "non-resident" CDL with "non-domiciled" CDL); *see infra* for a discussion of that agreement.

was renewed. Therefore, the resident CDL requirement also applied. *See* WIS. STAT. § 343.05(2)(a)1. Since Mora did not have a Wisconsin CDL, the court found Mora guilty of operating a motor vehicle without a license, first offense.

## DISCUSSION

*Relevant Law on Commercial Driver's Licensure*

¶9    The Commercial Motor Vehicle Safety Act of 1986 (CMVSA), 49 U.S.C. § 31301 et seq., conditions receipt of certain federal highway funds on state compliance with the CMVSA and, specifically, with uniform regulatory standards for the issuance of CDLs. Sec. 31311(a)(12) (2018); *see also* 49 C.F.R. § 384.101 (2019). In addition, a state must allow any qualified driver with a valid CDL to operate a CMV in that state. 49 C.F.R. § 384.214. Wisconsin has "assent[ed] to the provisions" of the CMVSA, agreeing to "implement and enforce that law and [accompanying] regulations so as to ensure receipt … of any federal highway aids." WIS. STAT. § 343.02(2).

¶10    Under the CMVSA, an individual cannot legally operate a CMV unless the individual has a valid CDL issued by his or her "State or jurisdiction of domicile" in accordance with the CMVSA and its regulations. 49 C.F.R. § 383.23(a)(2). There is an exception for individuals living in a U.S. state or a foreign jurisdiction that does not license drivers in conformance with FMCSA regulations. Sec. 383.23(b)(1), (2); *see also* 49 C.F.R. § 383.5 (defining "non-domiciled CDL"). Because such individuals cannot obtain a federally-compliant CDL from their home state or country, they are eligible for a "non-domiciled CDL." Sec. 383.23(b)(1), (2). In conformance with the federal scheme, Wisconsin provides for issuance of non-domiciled CDLs. WIS. STAT. § 343.03(3m).

¶11    Non-domiciled CDLs are not available to citizens of Mexico and Canada. This is because pursuant to an executive agreement, Mexican CDLs are deemed to meet FMCSA regulatory standards (an analogous agreement with Canada provides the same). Commercial Driver's License Reciprocity With Mexico, 57 Fed. Reg. 31,454 (July 16, 1992) (to be codified at 49 C.F.R. pt. 383); *see also* 49 C.F.R. § 383.23(b)(1) n.1. The aim of this executive agreement is to streamline licensure for Mexican drivers operating in the United States. Commercial Driver's License Reciprocity With Mexico, 57 Fed. Reg. at 31,454. Accordingly, Mexican citizens cannot obtain a non-domiciled CDL from any state; they do not need one, however, because they can simply use their Mexican CDL. Commercial Driver's License Reciprocity With Mexico, 57 Fed. Reg. at 31,454-55; *see also* § 383.23(b)(1) n.1.[7]

¶12    This leaves the question of whether, under the federal scheme, a Mexican citizen here on a temporary work permit must ever obtain a *domiciled* CDL in order to be legally licensed. Of note, the federal definition of "state of domicile" contains language mirroring the Wisconsin definition of "resident"; it is "that State where a person has his/her true, fixed, and permanent home and principal resident and to which he/she has the intention of returning whenever he/she is absent." 49 C.F.R. § 383.5. It is equally important to note, however, that unlike the Wisconsin statute, FMCSA regulations have further defined which individuals can be considered domiciled in (or residents of) a state, such that they are eligible for a domiciled CDL. The permit and licensure regulations require an

---

[7] Wisconsin has recognized this principle; its licensure statute states that "[a] non-domiciled license may not be issued to a resident of Canada or Mexico." WIS. STAT. § 343.03(3m).

applicant to provide "proof of citizenship or lawful permanent residency" to receive, transfer, or renew a state CDL.[8] *See, e.g.*, 49 C.F.R. § 383.71(a)(2)(v), (b)(9), (c)(6), (d)(5). It follows that the holder of a temporary work permit is *not* considered a state resident eligible for a state CDL. *Cf.* § 383.71(f)(2)(i) (an applicant *may* apply for a *non-domiciled* CDL using a temporary work permit as documentation, and "[n]o proof of [state] domicile is required"). This distinction is stated outright in FMCSA regulatory guidance: "A foreign driver holding an employment authorization document … may obtain a non-domiciled CDL…. [However,] *a foreign driver who is in this country on an employment authorization document [temporary work permit] … may not obtain a resident CDL since he or she is not 'domiciled' in a U.S. State, as defined in § 383.5* ('State of domicile')." Commercial Driver's License Standards, Requirements, and Penalties; Regulatory Guidance, 84 Fed. Reg. 8464, 8470-71 (Mar. 8, 2019) (to be codified at 49 C.F.R. pts. 383 and 384) (emphasis added).

¶13 The upshot is that under the CMVSA, Mexican citizens here on a temporary work permit need not—indeed cannot—obtain any form of CDL, domiciled or non-domiciled, from the State of Wisconsin. Instead, these individuals must rely on a Mexican CDL.

*Application to Mora's Judgment of Conviction*

¶14 We would normally defer to the trial court's factual finding that Mora is a resident under WIS. STAT. § 343.01(2)(g). *See **Royster-Clark, Inc. v. Olsen's Mill, Inc.***, 2006 WI 46, ¶11, 290 Wis. 2d 264, 714 N.W.2d 530 (the

---

[8] This requirement also applies to applicants for non-domiciled CDLs who live in states *of the United States* that do not issue FMCSA-compliant CDLs. 49 C.F.R. § 383.71(f)(1), (2)(i).

appellate court "defers to the circuit court's findings of fact unless they are unsupported by the record and are, therefore, clearly erroneous"). Indeed, if one looks only to the Wisconsin definition of resident, the trial court's analysis hardly seems in error. Given the controlling federal authority discussed above, however, we hold that the definition of resident in § 343.01(2)(g) must be subject to the same limitations that the federal regulations have attributed to the definition of "state of domicile" in 49 C.F.R. § 383.5. This means that Mora cannot be considered a Wisconsin resident under § 343.01(2)(g) as a matter of law.

¶15 In order to receive federal funding, the State of Wisconsin has chosen to comply with the CMVSA and all accompanying regulations and guidance. We see no ambiguity in the federal scheme as it relates to Mexican and Canadian citizens present in Wisconsin under a temporary work permit. These individuals are not eligible for a Wisconsin non-domiciled CDL. *See* 49 C.F.R. § 383.23(b)(1) n.1; WIS. STAT. § 343.03(3m). They are likewise ineligible for a Wisconsin CDL because they are not Wisconsin residents, which FMCSA regulations and guidance define as citizens and permanent residents but *not* those with temporary work permits. For that latter group it must be legally presumed that such individuals' "true, fixed, and permanent home and principal residence" to which they have "the intention of returning whenever [they are] absent" is not Wisconsin. *See* 49 C.F.R. § 383.5. Necessarily, then, any Mexican (or Canadian) citizen here on a temporary work permit falls within the category of persons who are both allowed, and required, to exclusively rely on their Mexican (or Canadian) CDL.

¶16 We therefore hold that WIS. STAT. § 343.05(2)(a)1., the licensure requirement for residents, is inapplicable to Mora. Instead, § 343.05(2)(a)2. applies: Mora was required to have in his "immediate possession a valid [CDL]

issued to [him] in another jurisdiction or Mexico bearing all endorsements required for the specific class and type of vehicle being operated." It is undisputed that Mora held such a license when he received his citation. We therefore reverse the trial court's judgment of conviction for operating a motor vehicle without a license.[9]

*By the Court.*—Judgment reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[9] We have reached this conclusion as a matter of statutory interpretation; namely, that in light of federal guidance limiting identical language in 49 C.F.R. § 383.5, the term "resident" under WIS. STAT. § 343.01(2)(g) cannot include a Mexican citizen living in Wisconsin under a temporary work permit. For that reason, we have no need to consider whether this result might also arise from application of some other theory, such as federal preemption or estoppel.